THE STATE EX REL. AT & T TECHNOLOGIES, INC.,
APPELLANT, *v.* FELTY ET AL., APPELLEES.

[Cite as *State ex rel. AT & T Technologies,
Inc. v. Felty* (1993), 67 Ohio St.3d 118.]

(No. 92–2182—Submitted June 1, 1993—Decided August 11, 1993.)

*Porter, Wright, Morris & Arthur* and *Charles J. Kurtz III*, for appellant.
*Michael J. Muldoon*, for appellee Felty.

*Lee I. Fisher*, Attorney General, *Cordelia A. Glenn* and *Gerald H. Waterman*, Assistant Attorneys General, for appellee Industrial Commission.

*Per Curiam.* A self-insured employer, in overseeing its employees' workers' compensation claims:

"[S]hall observe all the rules and regulations of the commission and bureau and its rules of procedure with reference to determining the amount of compensation, etc., due * * * and the payment of same." Former Ohio Adm.Code 4121–9–03(L), now 4121–9–03(K).

To facilitate the self-insured's job:

" * * * The claimant *shall* file with the employer and bureau or the commission medical reports relating thereto * * *. The claimant *shall* honor the employer's request for appropriate written authorization to obtain medical reports and reports pertaining to the claim." (Emphasis added.) Former Ohio Adm.Code 4121–9–03(M)(4), now 4121–9–03(L)(4).

Appellant's complaint in mandamus raises one question: Does claimant's conduct impose on the commission a clear legal duty to suspend further action on her workers' compensation claim? For the reasons to follow, we find that it does not.

Contrary to appellant's representation, neither former R.C. 4123.53 nor Ohio Adm.Code 4121–3–12 *mandates* suspension of the claim under these facts. Former R.C. 4123.53, now 4123.53(A) and (C), states in relevant part:

"Any employee claiming the right to receive compensation may be required by the industrial commission to submit himself for medical examination * * *. If such employee refuses to submit to any such examination or obstructs the same, his right to have his claim for compensation considered, if his claim is pending before the commission, or to receive any payment for compensation theretofore

granted, shall be suspended during the period of such refusal or obstruction." (1953 Bureau of Code Revision.)

This case does not involve a refusal to submit to a commission medical examination. R.C. 4123.53 does not, therefore, control. So, too, with Ohio Adm.Code 4121–3–12(A), which provides:

"When the Bureau, Board or the Commission orders an injured or disabled employee to submit to medical examination and such employee refuses to be examined or in any way obstructs the exam, the employee's claim for compensation shall be suspended during the period of his refusal or obstruction."

Ohio Adm.Code 4121–3–12(B) is on point, but does not dictate suspension:

"In the event an employee fails to supply required facts, complete required forms, submit to medical examinations ordered by the Commission, Board or Bureau or submit other proof which may be requested or in any way unduly delays the expeditious processing of his claim, the Bureau, Board or Commission *may* withhold action on the claim and may withhold future actuarial reserve while such situation obtains. In such cases further consideration shall be given to the claim when the employee remedies the condition which invokes suspension of action on the claim." (Emphasis added.)

Ohio Adm.Code 4121–3–12(B) leaves the remedy for employee noncompliance to the commission's sound discretion. There is, therefore, no clear legal duty on the commission to suspend further action on claimant's claim.

For the above reasons, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT, J., concurring. This case achieves a bad result, but the law requires same.